Case 3:23-cv-00241   Document 4   Filed on 08/23/23 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
August 23, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

No. 3:23-0241

JARVIS DUGAS, TDCJ # 01386881, AND
PATRICK STRONG, TDCJ # 02296837, PLAINTIFFS,

v.

THE STATE OF TEXAS, *ET AL.*, DEFENDANTS.

## ORDER OF DISMISSAL

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

Jarvis Dugas and Patrick Strong, inmates in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), bring suit against the State of Texas, the University of Texas Medical Branch, the Jester 4 Unit, and the McConnell Unit, among other defendants.[1] The plaintiffs have not paid the filing fee or sought leave to proceed *in forma pauperis*. Having reviewed the pleadings, Dugas's litigation history, and all matters of record, the court dismisses this case for the reasons explained below.

---

[1] The handwritten "certificate of service" in the pleading, Dkt. 1, at 10, lists the names of both Dugas and Strong with their TDCJ numbers. However, the pleading does not clearly reflect that both plaintiffs personally signed the document. *See* FED. R. CIV. P. 11(a) ("[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented").

Under the "three strikes" rule found in the Prison Litigation Reform Act (PLRA), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of § 1915(g), he may not proceed without prepayment of the filing fee unless he fits within the imminent-danger exception at the time his complaint is filed. *See Brown v. Megg*, 857 F.3d 287, 290 (5th Cir. 2017); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The threat of imminent danger must be "real and proximate" and allegations regarding past harms do not suffice. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *see Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Dugas has filed numerous previous lawsuits, including at least three civil actions and appeals that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See Dugas v. Travis Scott*, Appeal No. 20-20210 (5th Cir. July 26, 2021) (imposing bar under § 1915(g)). He therefore may not proceed *in forma pauperis* absent a showing that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Banos*, 144 F.3d at 885.

The complaint in this case alleges that, in 2019, medical care for Dugas's broken hand was denied or delayed. Dkt. 1, at 2-3. These allegations are insufficient to show that Dugas is under imminent danger of serious physical

2/5

injury for purposes of § 1915(g). *See Brown*, 857 F.3d at 290; *Ciarpaglini*, 352 F.3d at 330. The complaint also alleges that Strong received constitutionally inadequate medical care because he submitted multiple sick-call requests between September 2022 and January 2023, was scheduled to see medical providers, but was never brought to the appointments and was listed as a "no-show." Dkt. 1, at 8. It further states that Strong is "unable to bring his own suit" due to "lack of education at law" and poverty. *Id.* at 6. It requests certification of a class action because both plaintiffs are "qualified [Americans with Disabilities Act] members" due to mental illness and physical handicap. *Id.* at 5-6.

Because Dugas has collected three strikes, does not plead facts to satisfy the imminent-danger exception, and is not otherwise eligible to proceed *in forma pauperis*, the complaint will be dismissed without prejudice as barred by § 1915(g) as to Dugas. To the extent Dugas seeks to bring claims on Strong's behalf, *id.* at 6, the claims must also be dismissed without prejudice. According to publicly available online records, Dugas is not registered as a licensed attorney in Texas, and thus cannot represent another plaintiff in this matter. Furthermore, he has no standing to sue on another plaintiff's behalf. *See Gregory v. McKennon*, 430 F. App'x 306, 310 (5th Cir. 2011).

Finally, the complaint's request for class certification will be denied. Under Federal Rule of Civil Procedure 23(a), a plaintiff seeking class certification must meet the threshold requirements of numerosity, commonality, typicality, and adequacy of representation. FED. R. CIV. P. 23(a); *see Gene and Gene LLC v.*

*BioPay LLC*, 541 F.3d 318, 325 (5th Cir. 2008). In addition, the party seeking certification must satisfy the requirements of Rule 23(b)(1), (b)(2), or (b)(3). *Id.* Here, among other possible issues, the complaint's allegations that Dugas and Strong each received inadequate medical care are insufficient to show common questions of law or fact under Rule 23(a)(2). *See Yates v. Collier*, 868 F.3d 354, 361 (5th Cir. 2017) ("Rule 23(a)(2) demands that the putative class members' claims must depend upon a common contention that must be of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke") (cleaned up).

Based on the foregoing, the court orders as follows:

1. The complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) as to Jarvis Dugas.

2. Any claims brought by Dugas on Strong's behalf are dismissed without prejudice.

3. The request for class certification is denied.

4. All other pending motions are denied as moot.

5. If Strong seeks to pursue his claims regarding medical care, he may file a separate civil action. Strong must personally sign the pleading and may bring claims on behalf of himself only. If Strong files a separate action, he will be required to pay the $402 filing fee or seek leave to proceed *in forma pauperis*.

**The Clerk is instructed to provide a copy of this order to Dugas and Strong. The Clerk is further instructed to provide a copy of this order to the Manager of the Three-Strikes List for the Southern District**

**of Texas at Three_Strikes@txs.uscourts.gov for inclusion in the record regarding Jarvis Dugas.**

Signed on Galveston Island this  23rd  day of   August          , 2023.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE